IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE WALKER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 06 C 0099 |
| vs. | ) | |
| | ) | Judge James F. Holderman |
| ROBERTSHAW CONTROLS COMPANY d/b/a | ) | |
| CLIMATE CONTROLS AMERICAS and | ) | Magistrate Judge Michael T. Moran |
| DYNAMIC COOKING SYSTEMS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## ROBERTSHAW CONTROLS COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNTS TWO, FIVE, AND SIX OF PLAINTIFF'S COMPLAINT AND PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES

Defendant Robertshaw Controls Company (hereafter, "Robertshaw"), by and through its attorneys, Wildman, Harrold, Allen & Dixon LLP, and pursuant to Federal Rule of Civil Procedure 12(b)(6), submits this Memorandum of Law in Support of its Motion to Dismiss Counts Two, Five and Six of Plaintiff's Complaint, as well as Plaintiff's claim for punitive damages. Plaintiff fails to allege facts sufficient to state causes of action for: (1) breach of an implied warranty of fitness for a particular purpose (Count Two); (2) misrepresentation – strict liability (Count Five); (3) negligent misrepresentation (Count Six); and (4) punitive damages.

## INTRODUCTION

Plaintiff George Walker alleges personal injuries arising from use of a grill manufactured by Dynamic Cooking Systems ("DCS"). The alleged injuries took place at Mr. Walker's home on January 7, 2004. *See* Pl.'s Compl., ¶¶ 1, 8, 10. Mr. Walker alleges that "[u]pon igniting said DCS grill, an explosion occurred" resulting in "serious burns to Plaintiff's body." *See id.,* at ¶¶ 11-12. Plaintiff further alleges that the DCS grill contained both a Robertshaw TS-11 thermal

safety control valve and a Robertshaw 7000 series gas valve. *See id.,* at ¶ 10.[1] Plaintiff did not

purchase the Robertshaw gas valve(s) separately but rather, purchased the DCS grill which

allegedly contained the Robertshaw component parts. *See id.,* at ¶¶ 27, 37. Plaintiff's Complaint

includes six counts against both DCS and Robertshaw: (1) negligence and liability, (2) breach of

implied warranty of fitness for particular purpose, (3) strict liability – manufacturing flaw, (4)

breach of implied warranty of merchantability, (5) strict liability – misrepresentation, and (6)

negligent misrepresentation. Plaintiff seeks compensatory and punitive damages.

As a federal court sitting in diversity, this Court applies the choice of law rules of the

forum state should there be any conflict in applicable law. *See Wireless Distributors, Inc. v.*

*Sprintcom, Inc.*, No. 03 C 2405, 2003 U.S. Dist. LEXIS 16568, at *11 (N.D. Ill. Sept. 19, 2003)

(citing *West Suburban Bank of Darien v. Badger Mut. Ins. Co.*, 141 F.3d 720, 724 (7th Cir.

1998)). Plaintiff alleges that he is a citizen of Colorado and that the incident took place at his

home. *See* Pl.'s Compl., ¶¶ 1, 8. Accordingly, this Court likely would apply the substantive law

of either Colorado or Illinois. Should this Court find any conflict in substantive law, Robertshaw

submits that Colorado is the forum having the most significant relationship to Plaintiff's causes

of action. *See Piska v. GM Corp.*, No. 02 C 7367, 2004 U.S. Dist. LEXIS 21861 (N.D. Ill. Oct.

28, 2004) (citations omitted) (applying Indiana law where plaintiff was an Illinois resident but

cause of action arose out of automobile accident in Indiana).

---

[1] Robertshaw has not had an opportunity to inspection the gas valves or the grill allegedly involved in the incident, and therefore cannot confirm that a Robertshaw product was even installed in the grill. Nonetheless, for purposes of this Motion to Dismiss, this Court accepts as true these allegations.

## ARGUMENT

I.   **PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO STATE A CAUSE OF ACTION AGAINST ROBERTSHAW FOR BREACH OF AN IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

Count Two of Plaintiff's Complaint alleges breach of an implied fitness warranty, as recognized by the Uniform Commercial Code ("UCC"). Specifically, Plaintiff alleges that he purchased a DCS grill containing Robertshaw valves, and was a person "reasonably expected to purchase the DCS grill and use it." Pl.'s Compl., ¶¶ 27-28. He further alleges that these products "were not reasonably fit for the specific purpose for which Defendants knowingly sold the product and for which the Plaintiff as purchaser bought the product in reliance on the judgment of Defendants." *Id.* at ¶30. Plaintiff does not allege the nature of any communications with Robertshaw, or how he came to rely upon Robertshaw's judgment in purchasing the DCS grill. Nonetheless, Plaintiff states that this "breach of implied warranty of fitness for a particular purpose" caused his injuries. *Id.* at ¶ 31. Both Illinois and Colorado law adopt the UCC's implied warranty provisions in nearly identical statutes, C.R.S. 4-2-315 (2005) and 810 ILCS 5/2-315 (2005), and the case law in support is synonymous. Consequently, under either Colorado or Illinois law, Plaintiff fails to allege sufficient facts to state a claim for breach of the UCC implied fitness warranty.

A.   **Plaintiff Alleges No Facts Identifying a "Particular" Purpose Sufficient to Create an Implied Warranty of Fitness for a Particular Purpose**

The UCC fitness for a particular purpose warranty is not implied in every purchase of a consumer product; rather, it arises "only where the seller has reason to know of the particular purpose at the time of contracting and has reason to know that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods." *See Hayes v. Gen. Elec. Co.*, 151 F. Supp.

3

2d 1001, 1009 (N.D. Ill. 2001) (citing 810 ILCS 5/2-315); *accord, Fiberglas Component*

*Production, Inc. v. Reichhold Chemicals, Inc.,* 983 F. Supp. 948, 955-56 (D. Col. 1997) (citing

C.R.S. 4-2-315). Unlike the implied warranty of merchantability, 810 ILCS 5/2-314 (Illinois),

C.R.S. 4-2-314 (Colorado), the implied fitness warranty requires evidence that the plaintiff relied

upon the judgment of a merchant in selecting a good for a peculiar or "particular" purpose:

> Where a seller at the time of contracting has reason to know any particular
> purpose for which the goods are required and that the buyer is relying on the
> seller's skill or judgment to select or furnish suitable goods, there is, unless
> excluded or modified under *section 4-2-316*, an implied warranty that the good
> shall be fit for such purpose.

C.R.S. 4-2-315 (emphasis in original); *accord,* 810 ILCS 5/2-315. Significantly, the UCC

defines a "particular" purpose as distinct from the "ordinary" purposes for which the good is

sold:

> A "particular purpose" differs from the ordinary purpose for which the goods are
> used in that it envisages a specific use by the buyer which is peculiar to the nature
> of his business whereas the ordinary purposes for which goods are used are those
> envisaged in the concept of merchantability and go to uses which are customarily
> made of the goods in question. For example, shoes are generally used for the
> purpose of walking upon ordinary ground, but a seller may know that a particular
> pair was selected to be used for climbing mountains.

C.R.S. 4-2-315, cmt. 2; 810 ILCS 5/2-315, cmt. 2. Applying Colorado law, the Tenth Circuit

Court of Appeals found reversible error where a trial court's jury instruction failed to distinguish

"particular" from ordinary purposes. *Weir v. Federal Ins. Co.*, 811 F.2d 1387 (10th Cir. 1987).

The Court explained that, "[a] reason for purchasing a particular product beyond the ordinary

reason for selecting a product must be shown in order to give rise to an implied warranty of

fitness for a particular purpose." *Id.* at 1393 (finding no "particular purpose" where the plaintiff

purchased a clothes dryer for the purpose of drying clothes). Similarly, "the goods must be for a

4

purpose other than their ordinary use" for an implied fitness warranty to exist under Illinois law. *See Industrial Hard Chrome, Ltd. v. Hetran, Inc.*, 64 F.Supp. 2d 741, 746 (N.D. Ill. 1999) (citing 810 ILCS 5/2-315). A plaintiff must allege existence of a *particular* purpose different from the ordinary use of the product, to survive a motion to dismiss for failure to state a claim. *See Hauck v. Michelin North America, Inc.*, 343 F.Supp. 2d 976 (D. Col. 2004) (finding that the plaintiff's complaint failed to properly state a claim for breach of warranty for a particular purpose where plaintiff alleges no special purpose for tire other than use as an automobile tire).

Plaintiff has not alleged any facts demonstrating the existence of "particular" or non-ordinary purpose for the DCS grill or Robertshaw gas valves. Rather, Plaintiff generally alleges that "the products were not reasonably fit for the specific purpose for which Defendants knowingly sold the product and for which the Plaintiff as purchaser bought the product in reliance on the judgment of Defendants." *See* Pl.'s Compl., ¶ 30. Nowhere in the Complaint does Plaintiff describe the alleged "specific purpose" for which he bought the DCS grill. Indeed, Plaintiff's Complaint includes no facts describing a "particular" purpose different from the ordinary use of the DCS grill and therefore, fails to state a claim for breach of the fitness warranty.

In the Seventh Circuit, a plaintiff cannot survive a motion to dismiss simply by alleging "bare legal conclusions to narrated facts which fail to outline the bases of their claims." *See Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). Though this Court accepts as true Plaintiff's allegations for purposes of a Rule 12(b)(6) motion to dismiss, it "need not, however, strain to find inferences favorable to the plaintiffs which are not apparent on the face of the complaint." *See Miller v. Showcase Homes, Inc.*, No. 98 C 2009, 1999 U.S. Dist. LEXIS 4748, at *5 (N.D. Ill. Mar. 31, 1999) (quoting *Coates v. Illinois State Bd. of Ed.*, 559 F.2d 445, 447 (7th

5

Cir. 1977)).  Moreover, in determining a motion to dismiss, this Court is not required to ignore

facts set forth in a complaint that undermine Plaintiff's claim.  *See Miller,* 1999 U.S. Dist.

LEXIS 4748, at *5.  Notably, Plaintiff's Complaint alleges that DCS manufactured "an outdoor

grill ("DCS grill") for use in Plaintiff's home," and that Plaintiff "intended to use said grill"

when the alleged incident occurred.  Pl.'s Compl., ¶¶ 8-11.  These facts undermine Plaintiff's

bare allegation that he purchased the DCS grill for a "specific purpose" other than its ordinary,

intended use.

In sum, Plaintiff fails to allege facts indicating any "particular" purpose for the DCS grill

apart from its ordinary uses.  Accordingly, this Court should grant Robertshaw's motion to

dismiss.

### B. Plaintiff Does Not Allege that Robertshaw Knew of Plaintiff's "Reliance" on Any Judgment of Robertshaw in Selecting the DCS Grill

Even if Plaintiff properly alleged the existence of a "particular," as opposed to ordinary,

purpose, Plaintiff's Complaint still fails to state a claim for breach of fitness warranty.  To state a

claim for breach of an implied fitness warranty, a plaintiff must allege (1) the seller had reason to

know of the particular purpose for which the buyer required the goods; (2) the buyer relied on

the seller's skill and judgment to select suitable goods, and (3) the seller knew of the buyer's

reliance on its skill and judgment.  *See Industrial Hard Chrome,* 64 F.Supp. 2d at 744 (applying

Illinois law); *accord, Fiberglas Component Production*, 983 F. Supp. at 955-56 (applying

Colorado law).  Plaintiff's sole basis for claiming reliance is the single broad and conclusory

allegation that the "products were not reasonably fit for the specific purpose for which

Defendants knowingly sold the product and for which the Plaintiff as purchaser bought the

product in reliance on the judgment of Defendants." *See* Pl.'s Compl., ¶ 30.  The conclusory

6

allegation of Paragraph 30 is insufficient to state a claim for breach of implied fitness warranty because "bare legal conclusions attached to narrated facts will not suffice." *See Industrial Hard Chrome,* 64 F.Supp. at 744.

In *Industrial Hard Chrome*, this Court granted defendant's motion to dismiss plaintiff's claim for breach of the implied fitness warranty claim. *Id.* at 746. The Court determined that plaintiff failed to allege that defendant seller knew of plaintiff's reliance on seller's skill or judgment in selecting a product. *Id.* Similarly, Plaintiff's Complaint does not allege that Robertshaw, a component part manufacturer, was aware of Plaintiff's "reliance" on Robertshaw's skill and judgment in selecting the DCS grill sold by DCS to Plaintiff. Plaintiff does not allege the nature of any reliance on Robertshaw's skill and judgment in his decision to purchase a DCS grill. Plaintiff does not allege facts concerning any communications with Robertshaw, its agents, or employees prior to his purchase; nor does he allege reliance on specific Robertshaw advertising or promotions. Plaintiff does not even allege that Robertshaw sold the product to him; rather, he alleges that "Defendant DCS sold the DSC grill to Plaintiff." *See* Pl.'s Compl., ¶ 37; *see also* ¶ 27.

Count Two of Plaintiff's Complaint is devoid of facts by which Robertshaw can determine *what* Plaintiff relied on in selecting the DCS grill. Plaintiff's cause of action for breach of an implied fitness warranty is insufficient as a matter of law and, therefore, this Court should grant Robertshaw's motion to dismiss on this additional ground.

## II.  COUNTS FIVE AND SIX OF PLAINTIFF'S COMPLAINT FOR MISREPRESENTATION AND NEGLIGENT MISREPRESENTATION ARE INADEQUATELY PLED AND FAIL TO STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED.

Plaintiff attempts to assert a cause of action for strict liability for misrepresentation, by alleging that Defendants misrepresented an unspecified fact about the product at issue. *See* Pl.'s

Compl., ¶ 56. Plaintiff also attempts to assert a cause of action for negligent misrepresentation by alleging that defendants misrepresented that the product at issue was "fit for consumption." *See id.,* at ¶ 63. As pled, both claims are inadequate to state a claim upon which relief may be granted and should be dismissed.

Both Colorado and Illinois have adopted the Restatement (Second) of Torts § 311 recognizing a cause of action for negligent misrepresentation. *Bloskas v. Murray*, 646 P.2d 907 (Colo. 1982); *Board of Educ. v. A, C & S, Inc.*, 546 N.E.2d 580 (Ill. 1989). Colorado courts and some (but not all) Illinois courts have recognized a cause of action for strict liability for misrepresentation as outlined in Restatement (Second) of Torts § 402B (1965). *American Safety Equip. Corp. v. Winkler*, 640 P.2d 216, 222 (Colo. 1982); *Hollenbeck v. Selectone Corp.*, 476 N.E.2d 746 (Ill. App. Ct. 1985). To the extent there is any conflict of laws regarding the validity and requirements of pleading these claims, Robertshaw submits that Colorado law should apply under the most significant relationship test. *See* "Introduction," *infra.*

In order to state a strict liability claim for misrepresentation under Colorado or Illinois law, a plaintiff must allege:

> 1) that there was a misrepresentation of a material fact concerning the character or quality of a chattel; 2) the misrepresentation was made to the public; 3) physical harm resulted to the consumer from justifiable and objectively reasonable reliance on the misrepresentation.

*American Safety Equip. Corp.,*, 640 P.2d at 222; *see also* Restatement (Second) Torts § 402B (1965). Similarly, to state a claim for negligent misrepresentation leading to bodily injury, a plaintiff must allege that:

> One who negligently gives false information to another is subject to liability for physical harm caused by action taken by the other in reasonable reliance upon such information where such harm results (a) to the other, or (b) to such third persons as the actor should expect to be put in peril by the action taken.

8

*Bloskas v. Murray*, 646 P.2d 907 (Colo. 1982); *accord, Board of Educ. v. A, C & S, Inc.*, 546 N.E.2d 580 (Ill. 1989).

Accordingly, detrimental reliance on a false statement is an essential element of strict liability and negligent misrepresentation claims under Colorado or Illinois law. *See Cook v. Rockwell Intern'l Corp.*, 755 F.Supp. 1468, 1479 (D. Colo. 1991). Significantly, misrepresentation claims which include elements of detrimental reliance on a false statement are subject to the heightened pleading requirements under Fed. R. Civ. P. 9(b). Rule 9(b) requires that "in all averments of fraud or mistake, that the circumstances constituting the fraud or mistake shall be stated with particularity." Hence, Colorado courts have dismissed claims where a plaintiff failed to plead misrepresentation with particularity. For example, in *Van Leeuwan v. Nuzzi*, 810 F.Supp. 1120 (D. Colo. 1993), a Colorado federal district court dismissed a plaintiff's negligent misrepresentation count for failing to state a claim, where the complaint merely alleged that the defendant "gave false information" upon which plaintiff relied. The *Nuzzi* court held that failure to identify the *actual* information Plaintiff believed to be false violated the heightened pleading requirements of Fed. R. Civ. P 9(b).

In this case, Plaintiff's Complaint fails to satisfy the heightened pleading requirements for misrepresentation. In seeking relief for negligent misrepresentation, Plaintiff merely alleges that "defendants negligently represented that the DCS grill was fit for consumption" without specifying actual nature or substance of the information believed to be false. *See* Pl.'s Compl., ¶ 63. Similarly, in seeking relief under a strict liability theory, Plaintiff alleges only that "defendants misrepresented a fact concerning the character or quality of the DCS grill" without any attempt whatsoever to identify the actual nature or substance of misrepresentation. *See id.*, at ¶ 56. Plaintiff's failure to identify the allegedly false information relied upon violates Rule

9

9(b)'s heightened pleading requirements and deprives Robertshaw of an ability to reasonably defend itself against these claims. Accordingly, consistent with the holding in *Nuzzi*, these two claims should be dismissed for failure to state a claim upon which relief may be granted.

## III. PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES IS INADEQUATELY PLED AND FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Finally, Plaintiff's Complaint fails to properly state a claim for punitive damages. Whether facts of a particular case or pleadings justify the imposition of punitive damages is a question of law for this Court to decide. *See, e.g., Kelsay v. Motorola, Inc.*, 384 N.E.2d 353 (Ill. 1978). In the unnumbered prayer for relief of his Complaint, Plaintiff seeks imposition of punitive damages. *See* Pl.'s Compl., at p. 10. As a matter of law, however, Plaintiff's Complaint fails to sufficiently allege any acts or conduct for which punitive damages may be imposed.

Under Colorado or Illinois, punitive damages are available only upon a showing of clear and convincing evidence. Colo. Rev. Stat. Ann. § 13-21-102.5; 735 Ill. Comp. Stat. 5/2-604.1[2] While it is true that in a motion to dismiss, all well-pled *factual* allegations are taken as true, a mere prayer for or assertion that punitive damages are warranted is not sufficient to state a claim upon which relief may be granted. *See e.g., Bastian v. TPI Corp.*, 663 F. Supp. 474, 476 (N.D. Ill. 1987). Punitive damages are properly awarded in a products liability action only when a defendant is alleged to have acted with fraud, actual malice, or willfully and with wanton disregard for the safety of others. Colo. Rev. Stat. Ann. § 13-21-102(1)(a) (2004)[3] (requiring willful and wanton misconduct for imposition of exemplary damages); *Bauer v. Southwest*

---

[2] Imposition of punitive damages is disfavored under Illinois law. *See Anthony v. Sec. Pac. Finan. Svcs, Inc.*, 75 F.3d 311 (7th Cir. 1996).

[3] Willful and wanton conduct is defined as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or the rights and safety of others, particularly the plaintiff." Colo. Rev. Stat. Ann. § 13-21-102(1)(b).

*Denver Mental Health Ctr., Inc.,* 701 P.2d 114, 118 (Colo. App. 1985)(applying same); *accord,*

*Kelsay,* 384 N.E.2d at 359 (applying Illinois law for same principle).

In the instant case, Plaintiff has not alleged any fraudulent, malicious, willful or wanton

conduct by Robertshaw. Plaintiff alleges claims for strict liability, breach of implied warranties,

and negligence. Viewed in a light most favorable to the Plaintiff, the Complaint alleges only that

Robertshaw acted "negligently and carelessly." *See* Pl.'s Compl., ¶ 21. Nowhere in his

Complaint, however, does Plaintiff allege the requisite fraudulent, willful or wanton conduct by

Robertshaw that would state a viable claim for imposition of punitive damages.[4] Moreover,

dismissal of Plaintiff's prayer for punitive damages at this juncture is not unduly prejudicial to

Plaintiff. Both Colorado and Illinois state law bar plaintiffs from seeking punitive damages in

initial pleadings. *See* Colo. Rev. Stat. Ann. § 13-21-102(1.5)(a); 735 Ill. Comp. Stat. 5/2-604.1.

As pled, Plaintiff's prayer for punitive damages is inadequate as a matter of law and

dismissal for failure to state a claim would be consistent with both Colorado and Illinois state

law. Accordingly, this portion of the Complaint should be dismissed pursuant to Rule 12(b)(6)

as failing to state a claim upon which relief may be granted.

---

[4] Even if Plaintiff's Fifth Count for "Strict Liability- Misrepresentation" were couched as an allegation of *intentional* conduct, it would still be insufficient to state a claim for punitive damages as it fails to allege willful and wanton conduct. *See Anthony*, 75 F.3d at 361 (holding that allegations of intentional conduct without malice or wanton conduct are insufficient to state a claim for punitive damages).

11

## CONCLUSION

For the reasons stated herein, Robertshaw respectfully requests that this Court grant its Motion to Dismiss Counts Two, Five, and Six of Plaintiff's Complaint, along with Plaintiff's claim for punitive damages, for failure to state a claim upon which relief may be granted, and award Robertshaw such other relief as the Court deems appropriate.

Respectfully submitted,

ROBERTSHAW CONTROLS COMPANY

By:     */s/ Chad E. Clark*
        Wildman Harrold Allen & Dixon LLP
        One of the Attorneys for Defendant
        ROBERTSHAW CONTROLS COMPANY

Chad E. Clark, Esq. (#6274712)
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, Suite 2800
Chicago, Illinois 60606-1229
(312) 201-2000

12

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2006 a copy of the foregoing **MOTION TO DISMISS COUNTS TWO, FIVE AND SIX OF PLAINTIFF'S COMPLAINT, MEMORANDUM OF LAW IF SUPPORT THEREOF** and **NOTICE OF MOTION** was filed electronically. Notice of this filing pursuant to Fed.R.Civ.P. 5(a) will be sent to the following party by operation of the Court's electronic filing system:

> **Robert D. Kreisman**
> KREISMAN LAW OFFICES
> 55 West Monroe Street
> Suite 3720
> Chicago, IL 60603
> bob@robertkreisman.com

**and**, *via* U.S. Mail with postage prepaid on this 9th day of February, 2006:

> **Daniel N. Deasy**
> CAPLIS, SCIPIONE & DEASY, LLC
> 4600 South Syracuse Street
> Suite 500
> Denver, CO 80237
> (303) 770-5551

/s/*Chad E. Clark*_____